United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Carlos Antonio Montgomery, )<br>Plaintiff, )<br> )<br>v. )<br> )<br>Florida Family Court Services, )<br>Defendant. ) | Civil Action No. 20-22303 -Civ-Scola |

### Order Striking Complaint

Plaintiff Carlos Antonio Montgomery sues Defendant Florida Family Court Services asserting, it appears, claims under the Fair Credit Reporting Act, violations of his constitutional rights, and various common-law claims. (Compl., ECF No. 1.) Montgomery initially filed this case in the United States District Court in the Eastern District of Kentucky which has since transferred it to this Court, in the interests of justice. (Order, ECF No. 6.) Because of various discrepancies and what appeared to be access to discretionary funds, the Court ordered Montgomery to explain why the Court should nonetheless permit him to proceed *in forma pauperis*. The Court directed Montgomery to address all the Court's concerns and also ordered him to present any new facts "in affidavit form, under penalty of perjury." (Order, ECF No. 9.) Although Montgomery timely responded, he failed to set forth the new facts he has supplied under penalty of perjury. Instead, on the last page of his response, there is simply a notary's stamp and signature, indicating only that the document was signed before a notary. (ECF No. 11, 3.) Once Montgomery resubmits his response, with the new facts attested to under penalty of perjury, the Court will grant his motion to proceed *in forma pauperis*. Assuming Montgomery's compliance with the requirements of proceeding *in forma pauperis*, the Court, upon review, nonetheless **strikes** his complaint (**ECF No. 1**) for the reasons set forth below.

Montgomery's complaint appears to relate to grievances he has regarding a child-support order involving Florida Family Court Services. The legal and factual bases for Montgomery's complaint, however, are not at all clear. Among the legal issues Montgomery appears to raise are the following: fraud, violations of the Fair Credit Reporting Act, § 1983 violations, negligent and intentional infliction of emotional distress, slander, invasion of privacy, breach of contract, and conspiracy. As a result of his claims against Florida Family Court Services, Montgomery seeks $200,000 in damages as well as declaratory and injunctive

relief. Montgomery's complaint expounds, at great length, on these various legal concepts but fails to supply any facts supporting his claims. His complaint is also disorganized and meandering, with its plot impossible to discern. The result is that Montgomery's allegations amount to nothing more than generalized legal conclusions that are untethered from an actual cause of action or an understandable set of facts. It is also impossible for the Court to parse which allegations are relevant to any possible claim.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Complaints that fail to comply with these rules are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

Montgomery's pleading here is an unacceptable shotgun pleading for several reasons. First, Montgomery fails to set forth facts to support any of his claims. And, to the extent there may be facts alleged, there is no way of knowing how or why those facts support any of Montgomery's claims. Second, the vast majority of Montgomery's complaint is composed of disconnected and difficult to parse, rambling legal conclusions, the support for which is unclear. Third, all Montgomery's claims, whatever they are, appear to be bunched into one giant count. Because of these deficiencies, the Court is unable to discern whether Montgomery has stated a claim upon which relief may be granted.

To the extent Montgomery believes he can fix these deficiencies, he may file an amended complaint. In doing so, Montgomery must (1) address all the shortcomings noted in this order; (2) comply with the pleading requirements in Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure; (3) include a separate factual background section setting forth specific factual allegations in support of his claims; (4) if there is more than one cause of action, separate each into a different, sequentially numbered, count which identifies the relevant cause of action or claim for relief; and (6) identify which factual allegations and acts pertain to which count.

Additionally, Montgomery is forewarned that 28 U.S.C. § 1915(e)(2)(B) confers discretion on a district court to dismiss an *in forma pauperis* action if certain defects are evident from the complaint:

> Notwithstanding any filing fees, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted;

>or (iii) seeks monetary relief against a defendant who is immune from such relief.

The same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6) governs a dismissal under § 1915(e)(2)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," *Nietzke v. Williams*, 490 U.S. 319, 327 (1989); when the claims rely on factual allegations which are "clearly baseless," *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success, *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

At the same time, the Court notes Montgomery is a pro se litigant. Pro se complaints are held to "'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1979) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). When determining whether to dismiss, the allegations of a complaint and its attachments are taken as true and are construed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

For the reasons set forth above, the Court **strikes** Montgomery's complaint (**ECF No. 1**). Montgomery may file an amended complaint by **July 2, 2020**, provided it complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the standards otherwise described above. Montgomery is forewarned that his **failure to comply with this order may result in the dismissal of his case**. By this same date, Montgomery must also resubmit the additional facts supporting his application to proceed *in forma pauperis* under penalty of perjury.

In the meantime, while there is no operative pleading, the Court directs the Clerk to **administratively close** this case. Upon Montgomery's compliance with the above, the Court will reopen his case. If Montgomery fails to timely or adequately comply with this order, the Court may dismiss his complaint.

The Clerk is directed to **mail** a copy of this order to Montgomery at the

address indicated below.

**Done and ordered**, in chambers at Miami, Florida, on June 18, 2020.

 _____
 Robert N. Scola, Jr.
 United States District Judge

*Copy via U.S. mail to*:
**Carlos Antonio Montgomery**
PO Box 135
Wellington, KY 40387